May it please the Court. Good morning, Your Honors. In this case, my name is Peter Tomeo and I represent the appellant, Marcus Guzman. In this case, the lower court erred by failing to make a finding that Mr. Guzman was competent on each of the two occasions on which he entered guilty pleas. Was he required to do more than ask him about the drugs he was taking, which she did, and ask if it had any effect on his ability to understand what was going on? What more was she required to do? Well, Your Honor, what she was required to do was to make a finding based upon what she heard and what the record showed. What case requires her to make those kind of findings? I believe, Your Honor, United States v. Russello. In that case, Judge Altomare wrote that the finding of competency was a necessary prerequisite to proceeding to a determination of whether a plea was voluntary or not. Doesn't that have to do with him putting into a contest his competence, which he never did? Well, that's what we're saying, Your Honor, is that he's, it was in contest because he had indicated that he had mental health issues. He was taking drugs that were designed to deal with mental health issues, which obviously were going to affect the way he was thinking. At that point, more was necessary than just asking him, do you feel okay? I mean, Your Honor. She did more than do you feel okay. She said, will the drug you're taking affect your ability to understand what's going on here today? That's the question she asked, and he said, no, it won't affect it. Yes, Your Honor, I understand that, but he is not in a position to assess his own ability to understand. He can give information. The judge has got to make the assessment as to whether or not he had that ability. What is the drug that he was on? He was on a lot of drugs. He was on a number of drugs, Your Honor. I have them listed in my brief, but I don't recall the names offhand. Did he say there was any drug he was prescribed that he was not taking at the time? He was taking drugs to treat panic disorders, PTSD, social anxiety disorders, suicidal thinking, and these were all drugs which do affect a person's cognitive abilities. Do you agree that the district judge was permitted to take into consideration how the defendant comported himself in court in front of her in considering whether or not he was on drugs? In terms of making a determination, this court defers to district courts when they make determinations like this of competency. They're going to give a great deal of deference to that court because that judge is obviously in a position to make that evaluation, but the record does not show that she, in fact, made that evaluation. What specifically in the record demonstrates that he was not competent? Well, Your Honor, this is what the cases like Vasello and the other cases we decided to talk about. There's a need to have more of an inquiry made than just simply asking the defendant if does he feel okay. Now, if he says, I find that he says he feels okay. I watched him. He was competent. I make a finding that he's competent, but you're going to give that deference. You're going to give deference to those findings, but the appellate court should not be making those findings for the judge. Why would we assume that the judge looked at your client, listened to your client, concluded that your client lacked the capacity to enter the plea and allowed it to go forward anyway? If the judge concluded that he was under a disability of some kind in terms of the proceedings, why can't we assume the judge would have stopped it? Well, Your Honor, respectfully, this is something where you shouldn't be assuming that the court below did something. This is something the cases have been fairly clear that there needs to be a determination. Assumptions cannot rely on assumptions as to what must have happened, what might have happened without specific finding. That's what, Your Honor, I believe that's necessary to protect the constitutional rights of that individual. He's in court. He's under that judge has a responsibility to ensure that his constitutional rights are being protected and is to make some findings. This court has said these findings are in, you know, the script that's provided to the judges. Every plea I've been involved in, judges have turned and said, I find the defendant competent. I find the plea to be voluntary. There's a sufficient factual basis. I'm going to accept the plea. In this case, that judge did not make that necessary preliminary finding before moving on to the issue of voluntariness. And in that, Your Honor, that's our position, that that's an error that requires a remand to go back to the fact finder to make that determination and to give the defendant the opportunity to make what arguments he wishes to make in that regard. Thank you, counsel. You've reserved two minutes for rebuttal. We'll hear from the government. Thank you. Good morning. May it please the court, Monica Richards on behalf of the United States. I must first correct an error that I've seen in my opponent's brief and then also repeated here in court. In the record at pages A-79, with regard to the first plea, and again in the record at pages A-182 to 183 with regard to the second plea, there was, in fact, a specific finding that this defendant was entering into this plea in a knowing, voluntary, and intelligent manner that did occur in both plea proceedings. So I'd just like to clear that up on this record. That's the second plea? And the second plea was, the first plea, I'm sorry, Your Honor, was at page A-79, and with regard to the second plea, I can refer the court to pages A-182 to 183. But your adversary is arguing that there was no finding of competence. Is that correct? It seems to be, but I don't understand that argument. I believe, as I stated in my brief, that that sounds like something that anybody who comes before the court who's on an antidepressant requires more inquiry. And I haven't seen that in any district court proceeding, and I haven't seen any findings from this court that would require that. What I do see is a judge here who took her time and who analyzed and asked the questions, had many opportunities to observe this defendant. He asked about every drug he was taking, didn't she? Yes, she asked specifically, and there was an indication to address Judge Jacob's concern at the first plea. There was an indication that he might not have been able to take one of his medications due to his court proceeding, because he'd been brought to court. And she followed up and asked specifically, does that affect your ability to understand these proceedings? And he answered no. So this was a person who was in front of this judge specifically and the court between these two plea proceedings and multiple status conferences in between, where everybody had the opportunity to observe him, to interact with him. And there was no issue raised by anybody with regard to his competency. So in that regard, I submit that this record is more than sufficient in terms of that finding. The fact that he was on some medications for those conditions does not equate to a question of competency. Here, there were other opportunities where he could have raised that issue. This was a person who knew how to put before the court things that may or may not have been true. And this was somebody who stood up and did things that resulted, for example, in this guilty plea, the second charge. This was somebody, if he wanted to say, I don't understand. I don't know what's going on. This was somebody who knew how to do that. He could have put something before this court. But the first we hear of it is here before this court on appeal. There was no motion to strike. I'm sorry, no motion to withdraw. There was just no indication whatsoever that he didn't know what was going on here. The argument is that he was that he was suffering from mental illness. He said that and that he was taking a warehouse full of drugs and that she should have been alerted to the fact that he might not have been competent. I think that's the argument that I understand. That's the argument. I object to the characterization of warehouse of drugs. This was drugs he was taking. Your Honor, Judge Jacobs, you asked what drugs specifically. And I can refer the court to pages A53 to 54 with regard to the first plea. And with regard to the second plea, it's basically the same with the different names for the generic drugs. But it was hydroxyzine and Zoloft for the medications. And again, I haven't seen any indication from this proceeding that requires more than what happens here. When were you first diagnosed? She asked how long have you been taking these medications? She asked, did you take your normal dosage today? And this was in the first plea when he said no. And she said, when do you normally take it? He indicates when. And she says, is the fact that you did not take the medication impacting your ability to understanding? No. None of that, Your Honor, indicates. And there was more. There's more. This goes on for another page and a half with regard to that inquiry. This wasn't a short shrift attempt at rushing something through here. So with that said, again, where this person individually presented not just to our probation office, but also in a prior proceeding with Rick to the Steuben County Probation Office, that he'd had a purple heart. He came up with these things to try to help himself. And frankly, that's what this sounds like here. This is something here where now we're making an argument that was never raised before when it could have been addressed and handled before the district court. And now here we are in front of this court asking the court to do something it cannot do on plain error review. He's also alleging ineffective assistance by his previous two attorneys. But of course, that's more properly raised than a 2255, which I'm sure we'll see from this defendant. Yes, Your Honor, I agree. There's no further questions. I'll rest on my brief. Thank you. Mr. Tameo, you reserve three minutes. Thank you, Your Honor. Your Honor, there's no mistake in my briefs about the court's finding. There's a difference between a finding of competency and a finding of plea as voluntary. And that's clear in this opinion. The United States v. Rusillo at pages 1066 to 1067, he talks about the need to find competency being preliminary to determination of voluntariness. A person has to be competent in order to make a knowing and voluntary action. There's no finding here on this record on either case, on either plea, that the defendant was, in fact, competent. As far as his opportunities, I think his position has sentencing that he was delusional. He had created a alter ego in which he then tried to live as if that alter ego was real. And that was what his excuse was for the references to the Purple Heart, which were clearly false. And he pled guilty to that. So, Your Honor, our view is that this is an issue that ought to be decided by the district court in the first place of determination of competency. And failing to make that determination of competency, the case should be remanded back to the district court to make the necessary determination and to give Mr. Guzman the opportunity to bring whatever evidence he wants to before the court. I'm not going to be the attorney representing him there on the 2255. I'm not admitted in the Western District of New York. But it seems to me that this is something that should have been addressed by his earlier attorneys. And that's why we added the argument as to ineffective assistance to counsel. Although, Your Honor, I certainly recognize this court's preference is to decide those issues in the 2255. Yeah, because we'd have to hear from those attorneys. We can't do it on the record before us. I certainly understand, Your Honor. I've made filed affidavits in those types of cases as well as to what I did and didn't do at the time. However, in this case, Your Honor, it seems to me that that determination should be made by the district court judge as to competency. And it ought to be in a criminal proceeding and not in a 2255. If there are no further questions, I'll rest on my duty. Thank you, counsel. Thank you both. Thank you. We'll reserve decision.